UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, U.S. DEPARTMENT OF LABOR,<br>    Plaintiff,<br><br>v.<br><br>PIZZA BAR, LLC d/b/a BARBARO<br>    Defendant. | Civil Action No. 5:23-cv-1104-XR |

## FIRST AMENDED COMPLAINT

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin the Defendant, Pizza Bar, LLC d/b/a Barbaro from violating the provisions of Sections 3(m)(2)(b), 6, 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq,* ("FLSA" or "Act"), and to restrain Defendant from keeping tips unlawfully and withholding payment of minimum wage and overtime compensation due Defendant's employees named in Exhibit A, and an equal amount as liquidated damages.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is the judicial district in which the subject events or omissions occurred and where Defendant operates its business.

## THE PARTIES

3.  Defendant Pizza Bar, LLC is a Texas limited liability company within this

1

Court's jurisdiction with an address in Bexar County, Texas at 102 E. Huisache Ave., San Antonio, Texas 78212, where it conducts business.

4.      Pizza Bar, LLC operates a restaurant called Barbaro in Bexar County at 2720 McCullough Ave., San Antonio, Texas 78212, within this Court's jurisdiction.

## FLSA COVERAGE

5.      Defendant is and has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

6.      Defendant is and has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that it has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7.      Defendant is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), by having employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).   Based on information and belief, during all times relevant to this Complaint, Defendant had sales in excess of $500,000 per year and had two or more employees who handled goods, supplies, food and wine that were moved in interstate commerce.

## FLSA VIOLATIONS

8.      During the period of May 9, 2020 through at least May 8, 2022, Defendant kept tips unlawfully and violated the minimum wage and overtime provisions of the FLSA. Defendant

2

has violated Sections 3(m)(2)(b), 6, 7 and 15(a)(2) of the Act. Defendant required servers and bartenders to participate in an invalid tip pool in which Defendant unlawfully kept tip contributions, allowing a manager or supervisor to keep a portion of employees' tips. Defendant's practice of operating an illegal tip pool specifically prohibited under 29 U.S.C. § 203(m)(2)(B) and its improper taking of the Tip Credit has resulted in employees not being paid the full amount of minimum wages owed to them, and/or are a failure to pay employees, finally and unconditionally or free and clear, at least the minimum wage guaranteed by the Act for all hours worked.

9. During the period of May 9, 2020 through at least May 8, 2022, Defendant violated the FLSA when it required tipped employees to give up a portion of their tips to at least one manager. Defendant's manager(s) participation in the tip pool rendered the tip pool invalid.

10. During the period of May 9, 2020 through at least May 8, 2022, Defendant required its servers to contribute a percentage of their sales into the tip share allocation. All bartenders' tips went into the tip share pool. The total tip share pool was then re-distributed, including to a manager or supervisor, during the relevant time period. Defendant's tip pool practices disqualified Defendant from taking "tip credits" against its minimum wage obligations. Defendant lost the ability to use the tip credit and therefore must compensate its tipped employees at the full minimum wage rate, unencumbered by the tip credit, for all hours worked and, additionally, must pay the amount that was improperly paid out to the manager or supervisor.

11. Defendant also violated the provisions of Sections 7 and 15(a)(2) of the Act. It did not pay overtime at the correct rate of pay. Rather, it paid overtime at a rate less than the amount

required by Section 7 of the Act, which provides that in any workweeks longer than forty hours, Defendant must compensate employees at a rate of not less than one and one-half the regular rate at which they were employed.

12. In the event the violations have continued after May 8, 2022, additional amounts for tips unlawfully kept by the employer, unpaid minimum wage and/or overtime compensation may have accrued or be accruing for these employees. Further, additional amounts may have accrued or be accruing for employees presently unknown to Plaintiff, in amounts presently unknown to Plaintiff from May 9, 2020, to the present.

13. Defendant has unlawfully withheld compensation due to its employees from May 9, 2020 to at least May 8, 2022. Defendant also owes an equal amount in liquidated damages.

14. Section 17 of the Act, 29 U.S.C. § 217, specifically authorizes proceedings to enjoin and restrain violations of the FLSA, including the restraint of the withholding of compensation the court finds due to employees.

## **PRAYER FOR RELIEF**

As a result of the violations alleged above, Defendant owes compensation for tips it unlawfully kept and unpaid minimum wage and overtime to Defendant's present and former employees named in Exhibit A, as well as any employees presently unknown to Plaintiff who Defendant kept tips from unlawfully and who were unlawfully denied minimum wage or overtime compensation from May 9, 2020 to the present.

Plaintiff prays for judgment against Defendant as follows:

A. For an injunction pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active

concert or participation with Defendant, from violating Sections 3(m), 6, 7, and 15(a)(2) of the FLSA;

  B. For an order pursuant to Section 16(c) of the FLSA finding Defendant liable for tips unlawfully kept by Defendant and unpaid minimum wage and overtime compensation due to Defendant's employees listed in Exhibit A for the period since May 9, 2020 (and for other employees currently unknown to Plaintiff for the period covered by this Complaint), and for liquidated damages in an amount equal to the unpaid compensation found due to Defendant's employees;

  C. In the event liquidated damages are not awarded, for an order pursuant to Section 17 enjoining and restraining Defendant from unlawfully keeping tips and withholding payment of unpaid overtime and minimum wage compensation due to Defendant's employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

  D. For an order awarding Plaintiff the costs of this action; and

  E. For an order granting such other and further relief as may be necessary and appropriate.

Dated this 6th day of September, 2023.

           SEEMA NANDA
           Solicitor of Labor

           JOHN RAINWATER
           Regional Solicitor

           KARLA JACKSON EDWARDS
           Counsel for Wage and Hour

By:  /s/ Carmen Elizabeth Fahy
     CARMEN ELIZABETH FAHY
     Attorney-in-Charge
     Texas Bar No. 24056866

     Attorneys for Plaintiff Julie A. Su,
     Acting Secretary of Labor,
     U.S. Department of Labor
     Office of the Solicitor
     525 S. Griffin Street, Suite 501
     Dallas, Texas 75202
     Telephone: (972) 850-3155
     Fax: (972) 850-3101
     Email: fahy.carmen.e@dol.gov

**Exhibit A**

1. Haley Bollman
2. Joe Castaneda
3. Celeste Cruz
4. Genesis Garcia
5. Hunter Garza
6. Jade Gibbs
7. Estella Hernandez
8. Jassmin Hernandez
9. Allison Hurd
10. Ian Hussian
11. Gabriella Melendez
12. Dominic Miramontes
13. Monet Moreau
14. Agatha Navarro
15. Brian Porras
16. Angelia Racheall
17. Celeste Ramirez
18. Sabra Renner
19. Charlotte Stubblefield
20. Laura Tijerina
21. Sama'ah or Sam'mah Toala
22. Maxell Towers
23. Maxwell Towers
24. Victoria Vega
25. Nicole Vitale